### Hugo Fritsch, Defendant in Error, v. Henry Junius et al., Plaintiffs in Error.

### Gen. No. 19,489.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH S. LABUY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed and remanded. Opinion filed October 8, 1914.

### Statement of the Case.

Action brought in the Municipal Court by Hugo Fritsch against Henry Junius, Otto Kleker and Mrs. Otto Kleker to recover for labor and materials furnished by plaintiff at the request of the defendant Junius on a building owned by the Klekers. The statement of claim averred that plaintiff furnished materials and labor of the reasonable value of two hundred and fifty dollars, that the owners of the building never paid Junius for the same "nor received from him any affidavit in regard to subcontractors as pro-

---

*See **Illinois Notes Digest**, Vols. **XI** to **XV**, and **Cumulative Quarterly**, same topic and section number.

vided by law.'' Defendants denied under oath all liability either joint or several. Upon a trial by the court without a jury a judgment was entered in favor of plaintiff against the defendants for two hundred and fifty dollars. To reverse the judgment, defendants prosecute a writ of error.

CHARLES F. VOGEL, for plaintiffs in error.

LEWIS F. JACOBSON, for defendant in error.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

## Abstract of the Decision.

1. ASSUMPSIT, ACTION OF, § 89*—*when evidence insufficient to sustain joint judgment for labor and materials furnished.* In an action against three defendants for work and materials alleged to have .been furnished at the request of one of the defendants on a building owned by the two other defendants, *held* that a judgment against all the defendants could not be sustained for the reason there was no evidence to show a joint contract or to show any joint liability under the Mechanic's Lien Act, J. & A. ¶¶ 7139 *et seq.*, it appearing that the defendant alleged to have requested the work was an employee of a construction company and that he merely requested the plaintiff to submit an estimate of the work to the company.

2. JUDGMENT, § 190*—*effect when erroneous as to one joint defendant.* A judgment against three defendants which is erroneous as to one is erroneous *in toto.*

3. MUNICIPAL COURT OF CHICAGO, § 26*—*when statement of facts or stenographic report sufficient.* A statement of facts or stenographic report *held* to substantially comply with paragraph 6 of section 23 of the Municipal Court Act, J. & A. ¶ 3335, where the certificate of the trial judge stated over his signature that it was "a full, true and correct statement of all the facts and evidence introduced or offered by either or any of the parties in the above entitled cause, and all questions of law involved in the case, and of all the proceedings had before me in said cause," and the document to which the certificate was appended was in the form of a stenographic report of the proceedings at the trial, was certified to contain all

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the evidence and showed oh its face the objections made and the rulings of the court therein, and to such document was attached a statement of the rulings of the court upon the several motions made before and after the finding, and the propositions of law marked "held" and "refused."

4. MUNICIPAL COURT OF CHICAGO, § 26*—*judge authorized to extend time for presenting statement of facts.* Under paragraph 6 of section 23 of the Municipal Court Act, J. & A. ¶ 3335, any judge of that court may, within the thirty days allowed for presenting a statement of facts or stenographic report, enter an order extending the time for presenting the same to the trial judge.